

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7209
Washington, DC 20530

Tel: (202) 514-1673

May 15, 2023

VIA CM/ECF

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
Office Of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

    RE:   *Hollis v. Biden*, No. 21-60910

Dear Mr. Cayce:

    This appeal concerns a challenge to now-rescinded Executive Order 14042, which required certain federal contractor employees to follow certain COVID-19 safety protocols, including vaccination against COVID-19. On May 1, 2023, the White House issued a statement announcing that, at the end of the day on May 11, 2023, it would "end the COVID-19 vaccine requirement[] for … [f]ederal contractors" at issue in this appeal. The White House, *The Biden-Harris Administration Will End COVID-19 Vaccination Requirements for Federal Employees, Contractors, International Travelers, Head Start Educators, and CMS-Certified Facilities* (May 1, 2023), https://perma.cc/8DSB-4NPP. This Court subsequently ordered the parties to submit supplemental letters explaining "the effect of the President's actions on the issues before the court in this appeal." Order (May 4, 2023).

    The government, plaintiffs, and non-federal defendants all agree that this case is now moot. On May 9, 2023, the President issued an order that, effective May 12, revoked Executive Order 14042 and specified that agency policies adopted to implement Executive Order 14042 no longer may be enforced and shall be rescinded consistent with applicable law. *See* Exec. Order No. 14099, 88 Fed. Reg. 30891 (May 9, 2023) (Revocation EO). Pursuant to the Revocation EO, the Safer Federal Workforce Task Force (Task Force) has revoked all guidance implementing the now-

rescinded Executive Order 14042. Plaintiffs thus are no longer subject to the challenged requirements, the order is no longer enforceable, and the purpose of the appeal no longer exists. There also is no basis for applying either of the exceptions to the mootness doctrine. Accordingly, this Court should dismiss this appeal as moot. Counsel for plaintiffs and the non-federal defendants concur that this case is moot.

**1.** On September 9, 2021, President Biden issued Executive Order 14042 to address COVID-19's impact on federal contractors. *See* 86 Fed. Reg. 50,985 (Sept. 14, 2021) (Contractor EO). The Contractor EO directed agencies to incorporate into certain government contracts COVID-19 workplace safety protocols specified by the Task Force, including a vaccination requirement for the contractors' employees.

Plaintiffs are five employees of Mississippi State University (MSU), which is overseen by the Mississippi Institutions of Higher Learning (IHL). In October 2021, IHL issued a directive in response to the Contractor EO requiring all non-remote university employees—which included plaintiffs—to be vaccinated. The IHL directive stated that if the Contractor EO were "stayed, delayed or revoked," the directive's provisions "shall be stayed or revoked accordingly." ROA.145.

Plaintiffs filed this suit soon thereafter challenging the Contractor EO on various statutory and constitutional grounds. Plaintiffs named as defendants MSU and IHL (collectively the State defendants) as well as various federal officials and moved for a temporary restraining order and preliminary injunction. The district court denied the request for preliminary relief and *sua sponte* dismissed plaintiffs' claims. *Hollis v. Biden*, 2021 WL 5500500 (N.D. Miss. Nov. 23, 2021). The court concluded that plaintiffs failed to establish standing to challenge the Contractor EO because they had not shown that they were amongst the covered federal contractors subject to the vaccination requirement. *Id.* at *4. The court also rejected plaintiffs' efforts to rely on the IHL directive to establish standing. *Id.* at *4-5. Plaintiffs appealed.

**2.** On May 1, 2023, the White House announced that at the end of the day on May 11, 2023, it would end the COVID-19 vaccine requirement for federal contractors that is the subject of this appeal. President Biden issued the Revocation EO on May 9, 2023. *See* 88 Fed. Reg. at 30891. The Revocation EO explained that the United States was "no longer in the acute phase of the COVID-19 pandemic." *Id.* It explained that "[o]ver 270 million Americans" had received "at least one dose of the COVID-19 vaccine," and that since the time of the Contractor EO's issuance in September 2021, COVID-19 deaths had declined by 93% and hospitalizations had declined by 86%. *Id.* In addition, public health "guidance … allows individuals to understand mitigation measures to protect themselves and those around them," and

2

the "healthcare system and public health resources … are now better able to respond to any potential surge of COVID-19 cases without significantly affecting access to resources or care." *Id.* "Considering this progress," the Revocation EO explained, "we no longer need … federally specified safety protocols for [f]ederal contractors." *Id.* Accordingly, the Revocation EO revoked the Contractor EO effective May 12, 2023. *Id.* The Revocation EO further specified that "[a]gency policies adopted to implement" the Contractor EO, "to the extent such policies are premised on th[at] order[], no longer may be enforced and shall be rescinded consistent with applicable law." *Id.*

On May 11, the Task Force announced that, also effective May 12, "all prior guidance from the [Task Force] implementing the requirements of" the Contractor EO "has also been revoked." Safer Federal Workforce Task Force, *Federal Contractors* (May 12, 2023), https://www.saferfederalworkforce.gov/faq/contractors. The Task Force also stated that, as prescribed in the Revocation EO, agencies "must promptly rescind any deviations, policies, or other guidance premised on" the Contractor EO. *Id.*

**3.** This case is now moot. The mootness doctrine "ensures federal courts are only deciding live cases or controversies." *Spell v. Edwards*, 962 F.3d 175, 178-79 (5th Cir. 2020). Because a challenge is moot when the court cannot grant effectual relief to the prevailing party, "a case challenging a statute, executive order, or local ordinance usually becomes moot if the challenged law has expired or been repealed." *Id.* at 179. After all, "[o]nce the law is off the books, there is nothing injuring the plaintiff and, consequently, nothing for the court to do." *Id.* Indeed, "mootness is the default" when a government policy "is amended or repealed after plaintiffs bring a lawsuit challenging the legality of that [policy]." *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 832 (5th Cir. 2023). For that reason, this Court and others have dismissed as moot challenges to COVID-19 policies that have expired or been rescinded over the course of the pandemic. *See Spell*, 962 F.3d at 179 (expired stay-at-home policy); *see also Brach v. Newsom*, 38 F.4th 6 (9th Cir. 2022) (en banc) (rescinded policies suspending in-person instruction), *cert. denied*, 143 S. Ct. 854 (2023); *Resurrection Sch. v. Hertel*, 35 F.4th 524, 527 (6th Cir.) (rescinded masking policy), *cert. denied*, 143 S. Ct. 372 (2022)

The Court should follow the "default" practice here. *Freedom From Religion Found.*, 58 F.4th at 832. Because the President has revoked the Contractor EO and forbidden enforcement of agency policies premised on it, and the Task Force has also rescinded all relevant guidance, there is no federal action "injuring … plaintiff[s] and, consequently, nothing for the court to do." *Spell*, 962 F.3d at 179. Plaintiffs sought declaratory judgments that the Contractor EO was unlawful and an injunction against

the implementation of the order, *see* ROA.114-119, but there is "no longer any … order for the court to declare un[lawful] or to enjoin," *Brach*, 38 F.4th at 11. And although the parties disputed on appeal whether plaintiffs' purported injuries were fairly traceable to the Contractor EO, as opposed to the independent actions of IHL and MSU, the revocation of the order obviates the need to resolve that dispute. The revocation "provide[s] the plaintiffs the very relief their lawsuit sought," and the federal "defendants can do nothing more to ameliorate their claimed injury." *Amawi v. Paxton*, 956 F.3d 816, 821 (5th Cir. 2020).[1]

No exception to the default rule of mootness applies. A private defendant's "voluntary cessation of challenged conduct may fail to render a case moot if the plaintiff's alleged injury may arise again." *Amawi*, 956 F.3d at 821. This Court, however, "treat[s] a voluntary governmental cessation of possibly wrongful conduct with some solicitude." *Yarls v. Bunton*, 905 F.3d 905, 910 (5th Cir. 2018) (quotation marks omitted). Absent contrary evidence, this Court "assume[s] that formally announced changes to official government[] policy are not mere litigation posturing." *Yarls*, 905 F.3d at 911. "That is so because" the Court "presume[s] that state actors, as public representatives, act in good faith." *Freedom From Religion Found.*, 58 F.4th at 833. Accordingly, "the government's ability to reimplement the statute or regulation at issue is insufficient to prove the voluntary-cessation exception." *Id.*

Here, "nothing in the record suggests" that the President would "reimplement" the Contractor EO now that he has formally revoked it. *Freedom From Religion Found.*, 58 F.4th at 833. Nor is there any indication that the "formally announced change to official governmental policy … is mere litigation posturing." *Yarls*, 905 F.3d at 911 (cleaned up). To the contrary, as the Revocation EO explains, the Contractor EO is being revoked along with several other pandemic-related orders, consistent with the ending of the COVID-19 public health emergency on May 11, 2023, and in recognition that the circumstances of the pandemic have changed dramatically since these requirements were issued in September 2021. *See* 88 Fed. Reg. at 30891. Where, as here, changed factual circumstances prompt the revocation of a government policy, courts have routinely concluded that the voluntary cessation exception to mootness is inapplicable. *See, e.g.*, *Resurrection Sch.*, 35 F.4th at 529 (emphasizing changed circumstances).

No live controversy exists simply because the President retains the authority to issue executive orders and the public health situation might change in the future. The

---

[1] If any doubt remained, the IHL directive states that were the Contractor EO "stayed, delayed or revoked," the directive's provisions "shall be stayed or revoked accordingly." ROA.145.

mere "ability to reimplement the [government policy] at issue is insufficient to prove the voluntary-cessation exception." *Freedom From Religion Found.*, 58 F.4th at 833. Otherwise, "no suit against the government would ever be moot." *Brach*, 38 F.4th at 14 (quotation marks omitted). In any event, there must be more than "merely a theoretical possibility" that the allegedly wrongful conduct will occur. *Spell*, 962 F.3d at 180 (quotation marks omitted). And here, "the evidence shows that the [Contractor EO] has been formally repealed, with no indication that the [President] intends to reconsider that decision." *Freedom From Religion Found.*, 58 F.4th at 834. Under these circumstances, "it is remote, and indeed unrealistically speculative, that these defendants will ever again expose the plaintiffs to the claimed injury that prompted this lawsuit." *Amawi*, 956 F.3d at 821.

Nor does this case involve the kind of injuries that are capable of repetition but evading review. That exception to mootness "applies only in exceptional situations" where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the plaintiffs will be subject to the same action again." *Spell*, 962 F.3d at 180 (cleaned up). Neither requirement is satisfied here. For the reasons already explained, it is entirely speculative that the President will reissue the Contractor EO and that plaintiffs will once again be subject to the same vaccination requirements. Plaintiffs' claims, moreover, fall outside the exception because they are not the type of transitory claims that are "inherently capable of evading review." *Bayou Liberty Ass'n v. U.S. Army Corps of Eng's*, 217 F.3d 393, 399 (5th Cir. 2000). To the contrary, the Contractor EO was in place for almost 20 months and challenges to the order were reviewed and decided by several different courts of appeals—including this one, *see Louisiana v. Biden*, 55 F.4th 1017 (5th Cir. 2022)—before the President revoked it.

**4.** Government counsel conferred with counsel for plaintiffs and the State defendants on this matter. Counsel for those parties represented that they concur in the government's position that the revocation of the Contractor EO moots this case.

                                                    Respectfully Submitted,

                                                    s/ *David L. Peters*
                                                    David L. Peters
                                                    U.S. Department of Justice
                                                    Appellate Staff, Civil Division

cc (via CM/ECF):  Counsel of Record